# EXHIBIT 1

## CERTIFICATION

The attached Arbitration Agreement, consisting of 2 pages, is a record taken from the file of Ruther Bauer in connection with her loan dated 6/1/18, Account No. 126-2369738-41 and, further, a record of an act, event, or condition made at or near the time indicated or from information transmitted by someone with knowledge; further, the document is kept in the course of regularly conducted activity of Credit Central, LLC and all other Defendants in this case; and, further, that the making of this record was a regular practice of that activity. Furthermore, I am qualified to make these representations in my position as Assistant Manager or am the custodian of these records.

March 3, 2020

_____
Signature

Ashley Carswell
Print Name

SWORN to before me this 3rd day of March, 2020.

Dana Henderson
Notary Public for South Carolina
My Commission Expires: 4/13/26



| Date of Loan | 6/21/2019 | Identification No. | 0162369738-41 |

| BORROWER'S NAME AND ADDRESS | LENDER/SECURED PARTY AND ADDRESS |
|---|---|
| RUTHER BAUER<br>2200 HIGHWAY 378 LOT 8   CONWAY SC 29527 | Credit Central, LLC  dba Credit Central<br>117 Rivertown Blvd Unit J  Conway SC 29526 |

**Please read this Agreement carefully. It fundamentally affects your rights and the manner in which disputes will be resolved.**

## ARBITRATION AGREEMENT

This Arbitration Agreement (the "Agreement") sets forth a procedure for resolving disputes arising out of or relating to the relationship between __Credit Central, LLC dba Credit Central_____ (the "Lender") and the Borrower. "We," "us," "our" or "Lender," as used in this Agreement, refer to the Lender identified below together with all of its directors, officers, employees, agents, parent corporation, subsidiary corporations, corporations affiliated with it by ownership, any person or entity that may be held jointly and severally liable with Lender, and assignees of any of the foregoing. "You," "your", or "Borrower," refer to the person(s) who have signed the Loan Agreement on this same date, together with all of his, her or their heirs, executors, successors, assigns, and any person who claims rights arising out of or relating to the relationship between you and us. This Arbitration Agreement is entered into as part of the Loan Agreement and is incorporated into the Loan Agreement.

Agreement to Arbitrate. You and we agree that upon your or our request, any and all disputes, claims, or controversies of any kind between us arising out of or relating to the relationship between us will be resolved through mandatory, binding arbitration. This Agreement covers claims that (a) arise out of or relate to this Agreement or the Loan Agreement; (b) arise out of or relate to any past or future transactions or dealings between us; and (c) disputes about whether any claims, controversies, or disputes between us are subject to arbitration. If either you or we request arbitration, you and we waive our rights to have disputes resolved in court.

Examples of Arbitrable Claims.  Examples of disputes that upon the request of either party must be arbitrated under this Agreement include, but are not limited to, the following claims: (a) an alleged breach of any contract; (b) that the Loan Agreement or this Agreement is void or voidable based on alleged fraud, unconscionability, duress, illegality, or any other ground; (c) that the parties never entered into a Loan Agreement or this Agreement; (d) any permissive and compulsory counterclaims to any claims subject to arbitration.

Our Actions Do Not Waive Our Right to Deman Arbitration.  Neither our decision to seek our remedies respecting any collateral in any permitted non-judicial manner (such as, but not limited to, the right to self help repossession under the Uniform Commerical Code) or to bring an action in court to collect what you owe shall be deemed to be a waiver of our right thereafter to demand arbitration under this Agreement in the event that you assert a claim, counterclaim or right of set off in any proceeding.

Conduct of Arbitration. Any dispute shall be decided before one of the following ("the arbitration organization"): American Arbitration Association ("AAA") (1-800-778-7879) or such other arbitration organization you select with our approval. You may choose whether the AAA or such other organization will conduct the arbitration. Any arbitration shall be conducted in accordance with the consumer arbitration rules of American Arbitration Association or such other arbitration organization I select with your approval. If the arbitration organization's rules conflict with this Agreement, the terms of this Agreement shall control. You may select either the AAA or such other organization as the arbitration organization. You agree to arbitrate in the state and county where you signed the loan Agreement.

Application of Federal Arbitration Act ("FAA"). The parties acknowledge that funding for the Loan Agreement comes from sources outside the state where you signed the Loan Agreement. Accordingly, we and you agree that the Loan Agreement involves "commerce" as defined by the FAA, and that this Agreement shall be governed by the FAA.

Expenses of Arbitration.  We will pay your arbitration filing fees that exceed the amount that you would have to pay to file an action in court, but in any event not to exceed $500. We will pay for the first eight hours of the arbitration proceedings. We will also pay any arbitration filing and other costs that the arbitrator tells us we must pay in order to make this Agreement enforceable.

Law Applicable to Arbitration Proceedings.  The arbitrator is required to follow all substantive law applicable to any dispute, including the statute of limitations, and must respect any applicable privilege. The arbitrator shall issue a written decision setting forth the decision and the reasons for that decision. You and we agree that the arbitrator's decision will be final, binding, and enforceable, and that judgment may be entered on the decision, in any court of competent jurisdiction.

Judicial Review of Arbitrator's Decision.  You and we agree that the arbitrator's decision CANNOT BE APPEALED. The arbitrator's decision is subject to judicial review only on the grounds set forth in Title 9, Section 10 of the United States Code, as well as on the ground that the decision, findings, or rationale of the decision is manifestly inconsistent with the terms of this Agreement, the Loan Agreement, or the governing law.

No Class Action or Joinder of Additional Parties.  You agree that you cannot serve as a class representative or participate as a class member in an arbitration proceeding, that only your claims will be addressed in  the arbitration proceeding and that additional parties cannot be added to the arbitration proceeding unless you and we agree in writing before the arbitration proceeding begins. If you or we elect arbitration, a dispute between you and us is required to be arbitrated even if there are additional parties to the dispute or even if you make allegations that your dispute should be handled as a class action. This paragraph is called the "Class Action Waiver."

HC# 4834-6633-7793v6
CCI210

| Date of Loan | 6/01/2018 | Loan Number | 126-2369738-41 |
|---|---|---|---|

| BORROWER'S NAME AND ADDRESS | LENDER/SECURED PARTY AND ADDRESS |
|---|---|
| RUTHER BAUER<br>2200 HIGHWAY 378 LOT 8   CONWAY SC 29527 | Credit Central, LLC  dba Credit Central<br>117 Rivertown Blvd Unit J Conway SC 29526 |

**Please read this Agreement carefully. It fundamentally affects your rights and the manner in which disputes will be resolved.**

## ARBITRATION AGREEMENT

**Severability and Reformation.** If it is determined that any part of this Agreement other than the Class Action Waiver is void, voidable, or unenforceable, or if the inclusion of some provision of the Agreement would render it unenforceable, you and we agree that the void, voidable, or unenforceable part or parts will be severed from the rest of the Agreement, leaving the rest of the Agreement enforceable. If it is determined that the Class Action Waiver is void, voidable, or unenforceable, or if the inclusion of the Class Action Waiver would render this Agreement unenforceable, you and we agree that this entire Agreement shall be unenforceable. This Agreement shall survive any satisfaction, rescission or termination of the Loan Agreement, the security agreement and/or any other related agreement.

**Replacement of Existing Arbitration Agreement.** You and we agree that this Agreement supersedes and replaces any prior alternative dispute resolution agreement or arbitration agreement between us.

**Your Right to Opt Out of This Arbitration Agreement.** You may opt out of this Agreement by sending us a written notice of your election to do so by certified mail, addressed to our address below, within 10 days of the date below.

**Please read this Arbitration Agreement carefully. It limits certain of your rights, including your right to have your claims decided in court.** If you do not understand this Arbitration Agreement, seek legal advice.

Borrower Signature  *Ruther Bauer*     Date  6/1/18

Co-Borrower Signature _____     Date _____

Co-Signer Signature _____     Date _____

Witness Signature  *Wedge*     Date  6/1/18

Lender Signature  *Acanswell*     Date  6/1/18

Lender Address  117 Rivertown Blvd Unit J  Conway SC 29526

HC# 4834-6633-7793v6
CCI210