**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>Ruther Mae Bauer,<br><br>                                      Debtor. | C/A No. 19-02441-DD<br><br>Adv. Pro. No. 20-80012-DD<br><br>Chapter 7 |
| Ruther Mae Bauer,<br><br>                                      Plaintiff,<br><br>v.<br><br>Credit Central, LLC, Credit Central of Anderson, LLC, Credit Central of Tennessee, LLC, Credit Central of Texas, LLC, Credit Central South, LLC D/B/A Credit Central Loans and Taxes,<br><br>                                      Defendants. | **Order Denying Class Certification** |

This matter is before the Court on Plaintiff's motion for certification of a plaintiff class. Defendants filed a response opposing class certification. The Court held a hearing on June 22, 2021, at which counsel for both parties appeared. For the reasons set forth, the Court denies certification of the class.

**BACKGROUND**

Plaintiff entered into a loan agreement with the defendant Credit Central, LLC or a related entity ("Credit Central") on June 1, 2018.[1] Each defendant named in this case, as admitted in Defendants' answer, does business as and uses the trade name "Credit Central Loans

---

[1] The loan agreement is not a part of the record. A related arbitration agreement refers to Credit Central, LLC. The participation of the other defendants as regards the loan is unclear. The parties refer to "Credit Central" in pleadings and argument, thus so does the Court. The Court also uses the pronoun "it", though it is often not clear whether the parties are referring to one or more of the entities or even to some variation of the names of one or more of Defendants.

and Taxes" in their debt collection efforts. Each defendant operates and is centralized at the headquarters located in Greenville, South Carolina.

Plaintiff filed her chapter 7 bankruptcy case on May 2, 2019, listing a debt to Credit Central Finance. Plaintiff received a discharge on August 13, 2019. Plaintiff's discharge operates as an injunction pursuant to 11 U.S.C. § 524 against collection of discharged debt. On or about January 22, 2020, Credit Central Loans and Taxes sent letters to many Credit Central customers, including Plaintiff, regarding a "settlement opportunity." The letter offers an opportunity to pay "65% of the outstanding balance" in return for a complete discharge of all debts. It contains the following statement:

> If you are entitled to the protections of the United States Bankruptcy Code (11 U.S.C. §§ 362, 524) regarding the subject matter of this letter, this communication is not an attempt to collect, assess, or recover a debt and is for informational purposes only.

Plaintiff sent the letter to her attorney shortly after receiving it. He advised her that the debt to Credit Central was discharged. Plaintiff filed this adversary proceeding on February 6, 2020, alleging in her third amended complaint violations of the discharge injunction under 11 U.S.C. § 524 and seeking disgorgement pursuant to 11 U.S.C. § 105. Plaintiff did not pay any money to Defendants in response to the letter and does not allege lost wages or other monetary damages. Plaintiff alleges emotional distress damages.

Defendants ultimately answered contending that it did not know Plaintiff filed for bankruptcy until the adversary proceeding was filed. Defendants state that around August 7, 2018, Plaintiff made it aware of her intention to file bankruptcy and that she was represented by an attorney. Credit Central next states that it never received notice of the bankruptcy filing or Plaintiff's discharge. Credit Central notes that Plaintiff listed a variation of its name and an incomplete mailing address on her list of creditors and mailing matrix. Credit Central contends

2

that prior to sending the letter, employees screened accounts to ensure that customers who were deceased, filed bankruptcy, or were represented by an attorney, were excluded from the mailing.

Defendants responded to this adversary proceeding with a motion to dismiss on March 5, 2020, requesting the enforcement of an arbitration clause. The Court denied the motion and Defendants have a pending appeal. Defendants' motion to stay pending appeal was denied. After Defendants answered, the Court entered a scheduling order setting a 180-day discovery period. The scheduling order provided a deadline for motions to certify a class.

A dispute arose concerning Defendants' response to Plaintiff's second set of interrogatories which resulted in Plaintiff filing a motion to compel on March 2, 2021. Following a telephone conference, at which both parties participated, the Court entered a confidentiality and protective order ("Protective Order") on March 11, 2021, using a slightly modified form order frequently used in our United States District Court and containing the following:

> Notwithstanding any other provision in this Protective Order, the parties agree that any list of Credit Central customers, including but not limited to those who filed for bankruptcy or who have received settlement opportunity letters or are proposed class Members, is "confidential" and shall be treated as such under this Protective Order; and, further, neither Plaintiff nor her counsel shall correspond with or contact such customer(s) without the written authorization of the Court.

Following the conclusion of discovery, Plaintiff filed this motion on May 17, 2021, seeking certification of injunctive and monetary relief classes.

## **STANDARD**

The requirements for class certification are governed by Fed. R. Civ. P. 23, made applicable to this proceeding by Fed. R. Bankr. P. 7023. Rule 23(a) requires the party seeking certification to first demonstrate that: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4)

3

the representative parties will fairly and adequately protect the interests of the class." The Supreme Court provides that a "party seeking class certification must affirmatively demonstrate his compliance with the Rule – that is, he must be prepared to prove" all four elements of Rule 23(a). *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011); *see also Brown v. Nucor Corp.*, 576 F.3d 149, 152 (4th Cir. 2009) (discussing the requirements for class certification). The Supreme Court further states that "certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" *Wal-Mart*, 564 U.S. at 350-51 (quoting *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)). Then the moving party "must also satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33, 133 S.Ct. 1426, 185 L.Ed.2d 515 (2013). Plaintiff seeks certification under both Rule 23(b)(2) and (3). Rule 23(b)(2) applies when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Rule 23(b)(3) states that a class action may be maintained when "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

## CLASS ALLEGATIONS AND ANALYSIS

Plaintiff alleges that Defendants violated the discharge injunction by sending her and others the settlement letter. She asserts that the letter is an unlawful attempt to collect the discharged debts of herself and others similarly situated. Plaintiff requests certification of both an injunctive relief class pursuant to Rule 23(b)(2) and a monetary relief class pursuant to Rule

23(b)(3), with Plaintiff serving as class representative for both. She proposes that the classes consist of all individuals who: (1) were customers of Defendants; (2) filed a chapter 7 bankruptcy within the past five years; (3) listed a debt owed to Defendants; (4) were granted a discharge; and (5) received the settlement letter post-discharge. Before turning to Rule 23(b), the Court first considers whether Plaintiff has satisfied all four elements of Rule 23(a).

    **I.**      **Fed. R. Civ. P. 23(a)**

The party requesting certification bears the burden of proving each element of Rule 23(a). *Comcast*, 569 U.S. at 33. Rule 23(a)(1) requires that a class be "so numerous that joinder of all members is impracticable." Plaintiff states that 33,338 of Defendants' customers filed for bankruptcy during the last five years, and that 5,426 of those who filed bankruptcy were located in South Carolina, Georgia, Louisiana, and parts of Texas. Plaintiff fails to specify the number of customers that: (1) filed a chapter 7 bankruptcy; (2) listed a debt to Defendants; (3) received a discharge; and (4) received the settlement letter. Plaintiff has not supplied any of this information under seal as permitted by the Protective Order.

Plaintiff argues that she had a limited ability to conduct discovery due to the Protective Order. She asserts that although Defendants produced certain information about customers filing bankruptcy, the Protective Order prevented her from further contacting them to identify which customers satisfied the proposed class criteria. The Protective Order, which both parties stipulated and consented to, was entered on March 11, 2021. Pursuant to the Protective Order, the parties were granted the ability to conduct discovery of sensitive information and were directed to mark such information as confidential. If the parties desired to use confidential information, they were directed to file those documents under seal. The Protective Order provides that nothing "shall limit or prevent the use of any 'confidential' document or material in

open court at hearings in or during the trial of this litigation." The Protective Order further states that "neither Plaintiff nor her counsel shall correspond with or contact such customer(s) without the written authorization of the Court." If Plaintiff needed to contact Defendants' customers to establish the proposed class, she could have requested authorization from the Court. Nothing in the Protective Order prevented Plaintiff from using confidential information or from filing such information under seal. Plaintiff had ample opportunity to conduct adequate discovery. It appears that the necessary questions were not asked.

Plaintiff argues that the boilerplate language on the bottom of the settlement letter demonstrates that Defendants sent this letter to customers who filed bankruptcy. The only evidence before the Court regarding the letter is an affidavit from Defendants' employee, attached as Exhibit 1 to Defendants' objection. The affidavit provides that Defendants screened accounts for those who were deceased, filed for bankruptcy, or were represented by an attorney. Defendants assert the letter was not sent to those screened accounts. Defendants further assert that the mere inclusion of the boilerplate language does not prove that the settlement letter was sent to customers that filed bankruptcy. Plaintiff argues that the affidavit is obviously false since Defendants knew plaintiff was represented by an attorney and still sent her the letter. Plaintiff's argument, to that extent, calls the affidavit's accuracy into question. However, Plaintiff still has the burden to demonstrate compliance with Rule 23, and raising an issue on a minor point while failing to supply evidence as regards her other proposed class criteria does not satisfy Plaintiff's burden. Boilerplate language in the letter does not prove that the settlement letter was sent to chapter 7 filers who previously received discharges of debts to Defendants. Plaintiff has failed in her proof that numerous potential class members exist and therefore has not established a class so numerous that joinder of all members is impracticable.

As to the other elements of Rule 23(a), the Fourth Circuit has provided that "the final three requirements of Rule 23(a) 'tend to merge,' with commonality and typicality 'serving as guideposts for determining … whether maintenance of a class action is economical." *Brown*, 576 F.3d at 152 (citing *Broussard v. Meineke Discount Muffler Shops*, 155 F.3d 331, 337 (4th Cir. 1998) (internal citations omitted)). Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Commonality "requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" *Wal-Mart*, 564 U.S. at 350 (quoting *Falcon*, 457 U.S. at 157). Plaintiff argues that the settlement letter is common to all members of the class. However, Plaintiff has not produced evidence showing that Defendants sent the settlement letter to customers that fit the definition of the class she proposes. Plaintiff has failed to demonstrate a common injury.

Pursuant to Rule 23(a)(3), Plaintiff must demonstrate that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." This will frequently "entail some overlap with the merits of the plaintiff's underlying claim." *Id.*, at 351. Here, Plaintiff alleges that Defendants violated the discharge injunction under § 524 and requests relief under § 105. Plaintiff states that she filed a chapter 7 case, listed her debts to Defendants, received a discharge, and subsequently received the settlement letter. Plaintiff has not provided evidence that any other individuals meet the same criteria. Additionally, Defendants assert that Plaintiff failed to properly notify it of her bankruptcy filing and discharge and therefore cannot prevail on her own claims, much less represent a class.

With respect to Plaintiff's request to be the class representative, Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Due to the failure to meet the other Rule 23(a) requirements, no analysis of this provision is

necessary. However, the deposition of Plaintiff by Defendants clearly calls into question her familiarity with this proceeding and whether she can fairly and adequately protect the interests of the proposed classes.

### II.     Fed. R. Civ. P. 23(b)

Plaintiff has failed to demonstrate the four requirements under Rule 23(a); thus, a Rule 23(b) analysis is unnecessary.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for class certification is denied.

**FILED BY THE COURT**
**07/28/2021**



David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 07/28/2021